ROY H. McBRIDE, Respondent, v. C. W. COLLINS
AND L. STEVENS, Appellants.

Equitable Assignment.—Order not Specifying Amount.—C. and
S. held a contract for the grading of a railroad and sub-con-
tracted a portion thereof to A.; A. sub-contracted a part of his
sub-contract to M. at the same price he was to receive for the
same and gave M. an order on C. and S. directing them to pay
M. for grading between certain points less a certain book account
the amount of which was not then ascertained, but not stating
the amount to be paid, C. was present and said that it would be
all right; held, that the order was sufficiently definite and was
an assignment of a particular indebtedness.

APPEAL from a judgment of the district court of the
third district, and from an order refusing a new trial.

The opinion states the facts.

*Messrs. Kimball & Heywood and Messrs. Williams
& Young,* for appellant.

The order in question cannot operate as an equitable as-
signment of any indebtedness of the defendant to the
maker of the order, even if there existed any indebtedness
at the time it was given, or subsequently.

To have that effect it must have been drawn upon a
particular, specified fund: *Attorney General* v. *Continen-
tal Life Ins. Co.*, 71 N. Y., 325; *Harris* v. *Clark*, 3 N.
Y., 93; *Cowperthwaite* v. *Sheffield*, 3 N. Y., 243; *Shaver*
v. *West, Un. Tel. Co.*, 57 N. Y., 459; *Duncan et al.* v.
*Berlin et al.*, 60 N. Y., 151; *Noe* v. *Christie*, 51 N. Y.,
270.

In the last case there had been a payment upon the or-
der, yet that did not change the result: 2 Story's Eq.
Juris. sec. 1043, 1047, note 2; 3 Pomeroy's Eq. Juris. sec.
1280 and note; *Christmas* v. *Russel*, 14 Wall., 78.

The order is free from ambiguity in reference to the
specification of any particular fund. There is no language
used that can be construed as referring to any fund what-

ever; so that there was no justification for resorting to evidence of surrounding circumstances to ascertain what was meant. To do so was simply to add to what was contained in the writing.

*Mr. S. H. Lewis,* for respondent.

The order was upon appellants to pay a specified indebtedness—the amount of which was then unknown—for certain specified work, due from appellants to the assignor: *McEwen* v. *Johnson,* 7 Cal., 258; *Wheatly* v. *Stroube,* 12 Cal., 92; *Pope* v. *Huth,* 14 Cal., 404; *Brill* v. *Tuttle,* 81 N. Y., 454; and Pom. Eq., Vol. III, secs. 1278, to 1284 inclusive, with the numerous cases there cited, control, modify, distinguish and overrule the authorities cited by appellants, and settle the law in this case in favor of respondent.

Boreman, J.:

The appellants held a contract for grading on the Oregon short line. They sub-let a part thereof to H. A. Chaffin, and Chaffin sub-let a part of his sub-contract, to Roy H. McBride, the respondent, the sub-letting to McBride being for grading from station 4,166 to station 4,205 on the two hundred and ninety-third mile of the road. When McBride was through with his work, he applied to Chaffin for his pay. As the contract price for his work was the same as the price Chaffin was to get from appellants, Chaffin agreed to sign over to respondent the amount he, Chaffin, was to be paid for that work. At the time this matter was under consideration, Collins, one of the appellants, came up, was notified of the arrangement, assented to it, and directed that an order be drawn and it would be paid. Chaffin drew the order accordingly upon appellants and in favor of respondent. Collins said it was all right and would be paid. The order was as follows:

"Chaffin's Camp, O. S. L. R. R., Idaho, Sept. 1, 1882.

C. W. Collins & Co.: Please pay R. H. McBride for grading from station 4,166 to station 4,205 on the two hundred and ninety-third mile of the Oregon Short Line

Railroad, less three hundred and thirty-seven dollars and thirty-four cents, and book account, and oblige,

H. A. Chaffin."

It was agreed that by "C. W. Collins & Co." in the order, the firm name of "Collins & Stevens" was intended.

The order was duly presented to appellants with whom it was left, and they made two payments thereon, one of one hundred dollars and one of four hundred dollars. Afterwards Chaffin gave respondent another order, as follows:

"Salt Lake City, Oct. 11, 1882.

Collins & Stevens: Please keep the order that H. A. Chaffin give to R. H. McBride and pay to him the sum of eleven hundred and twenty-six dollars and forty-eight cents. He, McBride, agrees to be responsible for all mistakes and make the same good.

H. A. Chaffin.<br>C. Crismon, Jr., Agent."

Upon the trial a judgment was entered against the appellants for two thousand and seventy-five dollars and eleven cents and costs. Appellants then moved for a new trial which was overruled, and thereupon they appealed to this court from both the judgment and the order overruling the motion for a new trial.

Two principal points in this case are whether the order of September 1st, 1882, was an assignment of indebtedness.

The objections are urged against the order, namely: first, that it is too indefinite in its terms, there being no specific amount mentioned therein; second, that it was not drawn upon any particular fund.

(I.) The order was to pay for a particular work—the amount due for such work was a question of measurement and calculation—but whether it was a small amount or a large amount, it was to pay what the appellants had agreed to pay Chaffin for that work. The specification of the amount was therefore immaterial. They were bound to pay Chaffin at a certain rate—they were by the order directed to pay at same rate to respondent. It was not in-

definite to appellants. They knew what they had agreed to pay Chaffin. They were by the order simply directed to change the direction of payment. Appellants could in no way have been harmed by the failure to specify the exact sum in the order.

(II.) The second objection is fully met by the terms of the order. It is not drawn technically upon a particular fund, but it is drawn for a particular, clearly specified indebtedness. It is not a general order. It is not to pay out of any general indebtedness, but it is to pay a particular indebtedness over to another party. The law does not require anything more. Nor are we justified by the authorities in coming to any other conclusion.

Above all it was *intended* by Chaffin and by McBride as an assignment, and the appellants were notified of this, and assented thereto, so far as they were concerned. The second order was no revocation of the first, nor was it intended so to be by the parties, nor understood so to be by the appellants, so far as we are able to discover from the testimony.

We see no reason for disturbing the action of the court below. The judgment and order of the court below are affirmed.

ZANE, C. J., and POWERS, J., concurred.